**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| **IHOP RESTAURANTS LLC**, <br><br> Plaintiff, <br><br> v. <br><br> **1385 – TYLER, INC. and MEREDITH ELSTON**, <br><br> Defendants. | Case No. 6:20-cv-00099-JDK |

**PLAINTIFF IHOP RESTAURANTS LLC'S
NOTICE OF DEFAULT AND MOTION FOR DEFAULT JUDGMENT**

Plaintiff, IHOP Restaurants LLC ("IHOP"), respectfully provides this Notice that Defendant 1385 – Tyler, Inc. ("1385"), and that entity's owner, Meredith Elston ("Elston," and together with 1385, "Defendants") have not filed an answer or responsive pleading within the time allowed by Fed. R. Civ. P. 12(a) and respectfully requests that the Clerk enter their default pursuant to Fed. R. Civ. P. 55(a) and that the Court enter a default judgment pursuant to Fed. R. Civ. P. 55(b)(2). In support thereof, IHOP respectfully states the following:

1. IHOP filed the Complaint against the Defendants on February 25, 2020. Dkt. 1.

2. Summons' were issued on February 26, 2020, Defendants were served on March 2, 2020, and the summons' were returned executed on March 6, 2020. Dkts. 2, 7-8.

3. The deadline for Defendants to serve an answer or responsive pleading was March 23, 2020 (the "Deadline"). Dkts. 7-8; Fed. R. Civ. P. 12(a).

4. Over the course of March and April, the parties engaged in numerous negotiations in the hope of settling the dispute, or in the alternative, agreeing upon a forbearance agreement

that would allow additional time for the parties to reach a settlement. All efforts were unsuccessful.

5. April 24, 2020, the undersigned counsel informed Defendants that IHOP would not tolerate any further delay and would proceed to obtain relief through this lawsuit.

6. Defendants have not appeared to defend this lawsuit, either through counsel, or with respect to Elston as an individual, pro se.

7. Defendants have neither requested nor received an extension of the Deadline.

8. Defendants have neither informed IHOP that they intend to seek an extension of the Deadline nor requested a meet and confer regarding such a motion.

9. IHOP has never consented to an extension of the Deadline.

10. Defendants have not served an answer or responsive pleading.

11. It has been more than 40 days since the expiration of the Deadline.

12. Because the Defendants have not appeared to defend this lawsuit, the Court may immediately enter a default judgment. Fed. R. Civ. P. 55(b)(2).

13. The Complaint, which is incorporated and restated as if herein, sets forth appropriate grounds for the legal and equitable relief requested.

14. As set forth in the Complaint, defendant 1385 is a Texas corporation and Defendant Elston operates the IHOP restaurant. Accordingly, the Defendants are not (a) infants, (b) incompetent, or (c) in military service.

15. The entry of a default judgment is warranted, and for the reasons set forth in the Complaint, necessary to prevent further harm and prejudice to IHOP. *See Twist Shout Music v. Longneck Xpress, N.P.*, 441 F. Supp. 2d 782 (E.D. Tex. 2006) (granting default judgment on a

claim for copyright infringement and entering a permanent injunction where the defendant did not plead or respond to the complaint).

16. IHOP's request for permanent injunctive relief is warranted under the traditional, four-factor test because: the default constitutes success on the merits; IHOP has no adequate remedy at law to prevent Defendants from unlawfully infringing the IHOP Marks, the injury to IHOP's intellectual property rights, potential reputational damage the IHOP brand; the deprivation of IHOP's real and personal property rights outweighs the Defendants' nonexistent burden to follow the law and return IHOP's real and personal property; and the public interest will be advanced by enforcing compliance with the laws of the United States and Texas. *Id.*

17. IHOP is entitled to an award of its costs pursuant to 15 U.S.C. 1117 and post-judgment interest.

Wherefore, IHOP respectfully requests that the Clerk enter the default pursuant to Fed. R. Civ. P. 55(a) and that the Court immediately enter the default judgment and order granting relief against the Defendants pursuant to Fed. R. Civ. P. 55(b)(2).

Respectfully submitted May 7, 2020.

By: /s/ Noah M. Schottenstein

Robert M. Hoffman (admitted *pro hac vice*)
Noah M. Schottenstein (admitted *pro hac vice*)
**DLA PIPER LLP (US)**
1900 N. Pearl Street, Suite 2200
Dallas, TX 75201
Telephone: (214) 743-4500
Facsimile: (214) 743-4545
rob.hoffman@dlapiper.com
noah.schottenstein@dlapiper.com

*Attorneys for Plaintiff
IHOP Restaurants LLC*