# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| IHOP RESTAURANTS LLC, | § | |
| Plaintiff, | § | |
| v. | § | Case No. 6:20-CV-99-JDK |
| 1385 – TYLER, INC. and MEREDITH ELSTON, | § | |
| Defendants. | § | |

## ORDER DENYING MOTION FOR DEFAULT JUDGMENT

On May 7, 2020, Plaintiff IHOP Restaurants LLC filed a Notice of Default and Motion for Default Judgment. Docket No. 9. For the following reasons, the motion is **DENIED WITHOUT PREJUDICE**.

Before obtaining a default judgment under Federal Rule of Civil Procedure 55(b), "there must be an entry of default as provided by Rule 55(a)." 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2682 (4th ed. 2020); *see also New York Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir. 1996) (explaining that securing a default judgment is a three-step procedure involving a defendant's default, entry of default, and a default judgment). A "default" occurs when the defendant does not plead or otherwise respond to the complaint, and an entry of default is "what the clerk enters when the default is established by affidavit or otherwise." *New York Life Ins. Co.*, 84 F.3d at 141.

Here, the Clerk has not entered a default, and Plaintiff's present motion does not conform to the requirements of Rule 55(a), which requires that a defendant's failure to plead or defend be "shown by affidavit or otherwise." Accordingly, the motion is hereby

**DENIED WITHOUT PREJUDICE**. Plaintiff may file a new motion for default

judgment under Rule 55(b) upon the entry of a default pursuant to Rule 55(a).

So **ORDERED** and **SIGNED** this **11th** day of **May, 2020.**

                                                                                          JEREMY D. KERNODLE
                                                                                          UNITED STATES DISTRICT JUDGE